IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BANK OF NEW YORK TRUST CO. N.A. | § § | |
| Plaintiff, | § § | |
| VS. | § | NO. 3-08-CV-0630-K |
| CAROLYN K. OLDS | § § § | |
| Defendant. | § § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Carolyn K. Olds, appearing *pro se*, has removed a forcible detainer action from a Dallas County justice court to federal district court. For the reasons stated herein, the court should *sua sponte* remand the case to the Justice of the Peace Court, Precinct 5, Place 2, of Dallas County, Texas.

I.

On March 19, 2008, the Bank of New York Trust Co. N.A. ("the Bank") filed an action in Dallas County justice court to evict Olds from 2026 Nomas Street, Dallas, Texas ("the Nomas Property"). Olds responded by removing the case from state court to federal court. In her notice of removal, Olds suggests that federal jurisdiction is proper because the parties are citizens of different states and the amount in controversy exceeds $75,000. (*See* Not. of Rem. at 1). However, in subsequent filings, Olds appears to contend that this case was properly removed to federal court because unspecified federal laws were violated. (*See* Jt. Stat. Rep., 4/30/08 at 2). Before this action proceeds further, the court must consider the threshold issue of subject matter jurisdiction.

II.

Federal district courts are courts of limited jurisdiction and may hear only those cases authorized by a federal statute, treaty, or the United States Constitution. *See Howery v. Allstate Insurance Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 122 S.Ct. 459 (2001). Where a case is removed from state court to federal court, the party seeking removal must show that "federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property & Casualty Insurance Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts as to the propriety of removal must be strictly construed in favor of remand. *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). If a case has been improperly removed, a district court may remand it *sua sponte*. *See Faulk v. Owens-Corning Fiberglass Corp.*, 48 F.Supp.2d 653, 658 (E.D. Tex. 1999), *citing Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97, 42 S.Ct. 35, 37, 66 L.Ed. 144 (1921).

A.

Olds purports to remove this action pursuant to 28 U.S.C. § 1441(a). (*See* Not. of Rem. at 1). Under that statute:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). In her notice of removal, Olds cites 28 U.S.C. § 1332, which vests federal district courts with original jurisdiction of civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Assuming that Olds and the Bank are citizens of different states for diversity purposes, there is absolutely no evidence that the value of the matter in controversy exceeds $75,000. To the contrary, court records from a related Chapter 13 bankruptcy proceeding

reveal that Olds pays $470.36 per month in rent on the Nomas Property. As of January 2006, she owed $2,071.83 in past due rent. Even if Olds has not made any rental payments since January 2006, she would owe the Bank far less than $75,000.[1] The court therefore concludes that Olds cannot satisfy the amount-in-controversy requirement necessary to establish federal diversity jurisdiction. *See also JP Morgan Chase Bank, N.A. v. Coleman*, No. G-06-688, 2007 WL 655629 at *2 (S.D. Tex. Feb. 27, 2007) (holding that state forcible entry and detainer action, which involves the right to possession of property, cannot be removed to federal court on the basis of diversity of citizenship).

B.

Olds further alleges that federal jurisdiction is proper under 28 U.S.C. § 1331. A case may be removed to federal court if it is "founded on a claim or right arising under the Constitution, treaties or laws of the United States . . ." 28 U.S.C. § 1441(b). The existence of a federal question must appear from a properly pleaded complaint. "[I]f, on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction." *See Aaron v. National Union Fire Insurance Co.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989), *cert. denied*, 110 S.Ct. 1121 (1990). Whether a case arises under federal law "must be determined from what necessarily appears in the plaintiff's statement of his own claim in the [complaint] unaided by anything alleged in anticipation of avoidance of defenses which it is thought the defendant may interpose." *Roman v. Aviateca*, 120 F.3d 265 (Table), 1997 WL 420177 at *3 (5th Cir. Jun. 27, 1997), *cert. denied*, 118 S.Ct. 375 (1997), *quoting Franchise Tax Board of State of California v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2846, 77 L.Ed.2d 420 (1983). Here, the forcible detainer action filed by the Bank arises solely under Texas law. No federal question is

---

[1] The Olds bankruptcy is still pending in the United States Bankruptcy Court for the Northern District of Texas. *In re Carolyn K. Olds*, No. 04-38585-SGJ. According to the bankruptcy court, there is no longer an automatic stay of proceedings involving the Nomas Property because Olds ceased making rental payments and failed to cure her default.

presented. Therefore, federal question jurisdiction does not exist. *See Kolas v. Rodriguez*, No. 07-C-3480, 2007 WL 4219200 at *1 (N.D. Ill. Nov. 26, 2007) (holding that assertion of federal claim by defendant in notice of removal will not support the exercise of federal question jurisdiction over state forcible entry and detainer action).

## RECOMMENDATION

This case should be summarily remanded to the Justice of the Peace Court, Precinct 5, Place 2, of Dallas County, Texas.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 13, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE